**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4250**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RICKY LEE CHAVIS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:16-cr-00051-FL-1)

Submitted:  December 15, 2017               Decided:  February 12, 2018

Before DUNCAN, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lee Chavis pled guilty, without the benefit of a plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court imposed a departure sentence of 65 months' imprisonment, and Chavis appeals, arguing that the sentence is substantively unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We assess a sentence's substantive reasonableness under "the totality of the circumstances." *Id.* at 51. Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). "[W]here the district court decides that a sentence outside the Guidelines' advisory range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (brackets, citation, and internal quotation marks omitted). "[A] major departure from the advisory range should be supported by a more significant justification than a minor one." *Id.* (internal quotation marks citation omitted).

We conclude that the sentence imposed in this case is substantively reasonable. The district court found an upward departure warranted because Chavis had: committed several unscored crimes as a teenager; been incarcerated for a lengthy period of time following a prior conviction for murder; received 13 infractions while imprisoned; and

2

obtained, possessed, and used a firearm after his release. These acts speak directly to several of the categories of information that the Sentencing Guidelines urge courts to examine when considering a departure—prior unscored convictions, prior sentences that substantially exceed one year, and prior similar adult criminal conduct that did not result in a conviction. U.S. Sentencing Guidelines Manual § 4A1.3(a)(2), p.s. (2016).

The district court also reasonably applied the relevant 18 U.S.C. § 3553(a) (2012) factors to determine that a 65-month sentence was appropriate. The court focused on Chavis' recidivism, lengthy history of violent conduct, and attempt at sentencing to justify his criminal behavior when the court determined that protecting the public, providing deterrence, and promoting respect for the law were of upmost importance. We discern no abuse of discretion in that decision.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*